## No. XVIII.

### A. M. TOMPKINS v. THE REPUBLIC.

*Appeal from Harris County.*

HUTCHINSON, JUSTICE.—The appellant was indicted for gaming. In one plea he presented seven matters of fact; impeaching the panel of the jurors, out of whom the grand jury was formed; the venire facias; the mode and materials of the grand inquest, and the competency of one of that body; and an eighth point, in substance a demurrer to the indictment. There was evidence on the matters of fact pleaded—a verdict of guilty—a judgment thereon; and all the questions arising on the plea reserved by the court, as novel and difficult, for decision here.

For brevity, the points will be considered more in the order as presented by the statutes than as disclosed by the record—a practical exposition of the statutes on the subject being desired.

By the thirty-first section of the act organizing the district courts, the first panel and venire facias were obtained. The first or second judge, or alcalde then in commission, was to make and deposit with the clerk of the district and of the county court a list of all the freeholders or householders in the county. The names were to be separated and put in a box to be kept for the purpose; and the first panel was to be drawn by the clerk and sheriff before such judge or alcalde. That section gave the permanent number and some of the qualifications of the jurors, the venire facias, the execution of it, and the penalty on defaulting jurors. By the thirty-second section, at the first term of the district court and ever afterward the clerk and sheriff, in open court, were directed to draw out of the box mentioned a panel for the coming term; and if from any cause it should be omitted, the panel was to be drawn by the clerk and sheriff before a justice of the peace; and in either case, if the person or persons drawn should have removed, the drawing was to be continued until the number thirty-six should be obtained. "And the names of the jurors drawn shall be put into a separate box, to be kept separate until all are drawn." The forty-first section of the act prescribes other qualifications of a juror; but obviously by accident omitted the word "householder." According to the thirty-third section the court, "from the whole number of jurors furnished as aforesaid and attending," should cause a grand jury to be elected as therein prescribed. By the thirty-fifth section, any deficit was allowed to be supplied, by order of the court, from the bystanders.

We are left at conjecture why it was that the judge or alcalde was

tinued over for final trial on merits. Horton v. Jones, Dal., 466; Hanchett v. Gray, 7 T., 549; Fulgham v. Chevallier, 10 T., 518; Lander v. State, 12 T., 462; Burnley v. Cook, 13 T., 586; Eccles v. Daniels, 16 T., 136; Sims v. Redding, 20 T., 386; Dangerfield v. Paschal, 20 T., 536; Edrington v. Allsbrooks, 21 T., 186; Dearborn v. Phillips, 21 T., 449; Floyd v. Turner, 23 T., 292; Baldridge v. Cook, 27 T., 565; Grant v. Chambers, 34 T., 573; Aiken v. Carroll, 37 T., 73; Hewett v. Thomas, 37 T., 520; Pullen v. Baker, 41 T., 419; Kelley v.

required, in the first instance, to return to the clerk of the county court a list of the jurors. Let this pass away. It is evident the Legislature intended that the persons—all the persons in each county—who should be freeholders or householders, if otherwise qualified and not specially exempted, should perform jury service. The persons designated to draw the first and all subsequent panels are plainly the clerk of the district court and sheriff. The judicial superintendent is the district judge, in open court; or in a case of pretermission, a justice of the peace. The great object being to subject all of the citizens to the chances of the allotment by drawing, and as judicial superintendence is appointed, and moreover as at each drawing those not residing in the county were to be excluded, it is not unsafe or too assumptive to say that the persons not in the original list, but equally liable to jury service, should be added, and that their names should pass through the first and second urns. In the view of these statutory provisions and of the correlative laws, we deduce these principles as rules of practice:

1. All free male citizens, who are freeholders or householders of the county, should be put on a list to be kept by the clerk of the district court as an archive. It ought to be an alphabetical list in a bound book, in order to be permanent. At each term or drawing those not listed, but having become subject to jury service, ought to be put on the list, and their names deposited in the first box.

2. It is an important duty, and one not to be omitted, that at each term the district court should cause the two boxes or urns and the jury list to be brought into court, and a panel for the coming term drawn; the additional names being first added to the list and deposited in the first urn. On drawing the first name the judge, clerk and sheriff will determine, preliminarily, if he be a citizen and a freeholder or householder. If rejected, the cause of rejection will be noted on the list and the billet cast aside. If received, the name will be entered on the panel, and the billet containing it passed into the second urn. Thus the full panel should be formed. This reception or recognition of the person will not be conclusive of his qualifications as a juror. If he be under or over age, or be specially exempted, he can urge his privilege in court when summoned and attending. If he be a convict, then according to the forty-first section it will be an exception to him on a challenge to the polls, or on the plea of some one prosecuted. As the drawing is an act of the court, the panel ought to be entered on the minutes.

3. If, however, the panel shall not be drawn in court, then it can

Whitmore, 41 T., 647; McKay v. State, 44 T., 43; Gaskins v. Peebles, 44 T., 390; Bridges v. Cundiff, 45 T., 437; Watt v. White, 46 T., 338; Snow v. Nash, 50 T., 216; Texas Land Co. v. Turman, 53 T., 619; Hale v. McComas, 59 T., 484; Washington County v. Schulz, 63 T., 32; Love v. Powell, 67 T., 15; Daugherty v. Gibbs, 2 U. C., 255; Wagner v. Edmiston, 1 App. C., sec. 678.

**Note 27.**—McKinney & Williams v. Bradbury, Administrator, p. 441.

The allegata and probata must correspond, and any material variance between them is fatal. The evidence must be confined to the issues made by the pleadings. Mims v. Mitchell, 1 T., 443; McClelland v. Smith, 3 T., 210; Hall v. Jones, 3 T., 305; Guess v. Lubbock, 5 T., 535; Roseborough v. Gorman,

be drawn by the clerk and sheriff before a justice of the peace in the same manner in every respect, and the panel entered on the minute book.

4. When the names in the first urn are exhausted, those in the second should be transferred to the first urn, and thus the process is perpetuated; the list, the billets, and the urns successively reformed and replenished, and the regular rotation of jury service continued.

5. The venire facias is a writ containing the panel and commanding the sheriff to summon the jurors designated. He ought to make a specific return of the names of those notified.

6. If from the number thus summoned and attending there be not enough to form a grand jury, the court can order the sheriff to summon a number of the bystanders that may be sufficient.

7. To prevent exceptions and pleas the court ought to interrogate the jurors, before they are sworn on the grand inquest, as to the qualifications of citizenship and being freeholders or householders.

8. If any one or more of the grand jury be incompetent on account of alienage, or being no resident freeholder or householder, it is a valid challenge to the polls at the formation of the inquest, or a good plea by a defendant against whom the grand jury found a bill.

9. A defendant, prosecuted criminally, is not bound to except or plead to the array or the polls until after he is arrested; and to prohibit objections of that sort subsequent to the election of the grand inquest would be to allow innovations and violations of the laws that would too soon subvert the institution itself.

10. Without passing on each of the points raised and the proof in the case, with a view to ascertain how many of the preceding principles have been violated, it may suffice to say that as one of the grand jury was not a freeholder or householder, the finding of the indictment was invalid.

11. We think the indictment substantial. Let the judgment be reversed.

*Reversed.*

Chief Justice John Hemphill and Judges R. E. B. Baylor and P. C. Jack concur. Judge Judge John T. Mills says: "I am satisfied the judgment should be reversed, and will deliver my opinion at a future day."

6 T., 313; Paul v. Perez, 7 T., 338; Horton v. Reynolds, 8 T., 284; Young v. Lewis, 9 T., 73; McGreal v. Wilson, 9 T., 426; Parker v. Leman, 10 T., 116; Smith v. Montes, 11 T., 24; Thompson v. Thompson, 12 T., 327; Gammage v. Alexander, 14 T., 414; Chrisman v. Miller, 15 T., 159; Rogers v. Bracken, 15 T., 564; Dickson v. League, 16 T., 400; Kottwitz v. Bagby, 16 T., 656; Brown v. Martin, 19 T., 343; Parker v. Beavers, 19 T., 406; Lemmon v. Hanley, 28 T., 219; Heilbroner v. Hancock, 33 T., 714; Adams v. Hicks, 41 T., 239; Shipman v. Fulcrod, 42 T., 248; Dean v. Lyons, 47 T., 18; Tarleton v. Dailey, 55 T., 92; Loving v. Dixon, 56 T., 75; Laredo v. Russell, 56 T., 398; Ballew v. Casey, 60 T., 573; Wallace v. Boyce, 62 T., 636; Stewart v. Gordon, 65 T., 344; Middlebrook v. Zapp, 73 T., 29; Cooper v. Laughlin, 75 T., 524; Shiner v. Abbey, 77 T., 1; Morris v. Keisling, 79 T., 141; Moore v. Kennedy, 81 T., 144; Tinsley v. Penniman, 83 T., 54; Cooper v. Conerty, 83 T., 133; Armstrong v. O'Brien, 83 T., 635; Hoffman v. Loan Assn., 85 T., 409; Telegraph Co. v.